IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FOSTER W. GULLEY,
         Plaintiff,

vs.                                         3:06cv23/RV/MD

JUDGE FRANK BELL
         Defendant.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). He has not filed either the $250.00 filing fee or a motion to proceed *in forma pauperis*. However, requiring him to do so would not be in the interest of judicial economy as dismissal of this case is clearly warranted.

In this case, plaintiff seeks $1,650,000,000.00 in damages from Escambia County Circuit Judge Frank Bell because of an order Judge Bell entered against him in a temporary custody proceeding. Plaintiff claims that Judge Bell's order was "arbitrary and inadequate," an "abuse of discretion," an error, and that the decision amounted to tortious interference with parental rights. He also contends that the order was entered "without jurisdiction," a contention for which there clearly was no factual basis. He contends that Judge Bell's order amounted to intentional infliction of emotional distress and caused him irreparable material injury due to the interference with the plaintiff's parental rights.

Judges acting in their judicial capacity are absolutely immune from suit. *Dennis v. Sparks*, 449 U.S. 24, 27-29, 101 S.Ct. 183, 186-87, 66 L.Ed.2d 185 (1980); *Procunier v.*

*Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 55 L.Ed.24 24 (1978); *see also Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996); *Sum v. Forrester*, 939 F.2d 924 (11th Cir. 1991). This immunity is retained even if the judge conspires with other parties to bring about a deprivation of another's rights. *Sparks*, 449 U.S. at 28-32, 101 S.Ct. at 186-88; *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc). A judge will not be deprived of immunity because the challenged action taken was in error, was done maliciously, or was in excess of the judge's authority; rather, the judge will be subject to liability only when the action was taken in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57, 98 S.Ct. at 1105 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996); *Dykes*, 776 F.2d at 945; *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). The absence of jurisdiction does not mean in excess of authority, *Bradley, supra,* rather it indicates that there is no subject matter jurisdiction, or the acts of the judge are purely private and non-judicial. *See Conger,* 86 F.3d at 1084; *Dykes*, 776 F.2d at 948, n. 17; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1980). In this case, Judge Bell's action in entering an order in a temporary child custody proceeding clearly was within his jurisdiction as a Circuit Court Judge. Plaintiff's disagreement with this order does not mean that Judge Bell's actions rose to the level of a constitutional violation, or that appeal of the order was not the appropriate means to seek relief. Because Judge Bell is entitled to immunity, plaintiff's complaint against him must be dismissed. See 28 U.S.C.A. § 1915(e)(2)(B)(iii).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed with prejudice because the defendant is immune from suit.

At Pensacola, Florida, this 20TH day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cr23/RV/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).